LANDRIEU, J.,
CONCURS WITH REASONS
[1As the majority notes, the duty of HMNO (“the hotel”) was to act reasonably under the circumstances. The record here demonstrates that the plaintiff failed to present any evidence to show that the hotel breached this duty.
The evidence shows that the incident was more than likely caused by a hotel guest who tampered with the sprinkler head in room 314, breaking the seal. Water then leaked from the floor of that room to the area directly below it on the second floor of the hotel and then eventually into the T-shirt shop located directly underneath that area on the first floor. The sprinkler system was designed such that when the seal was broken, an automatic signal was sent to the fire department. There was no evidence presented to show what time the fire department received that signal or how long it took the department to respond. There is no evidence that any fire alarm was triggered in the hotel or that any member of the hotel staff was aware of the incident when it occurred. The hotel was not evacuated.
Although the shop owner testified that water was leaking into his shop for “almost two hours,” there is no evidence establishing what time this leakage was reported to the hotel or to what extent the merchandise in the shop had already been damaged by the time the incident was reported. The shop owner testified that he was not present when the water began coming into the shop because he had left J ¾ and his son was minding the shop. His son did not testify. The shop owner did not state what time he returned; he testified only that when he returned, he informed the hotel desk clerk that water was coming into his shop damaging the merchandise, and the desk clerk indicated that she could not turn off the sprinkler system as she was not authorized to do so and did not even know where the controls were. The hotel desk clerk did not testify. However, the obvious inference from the record is that the clerk’s response was to call the general manager of the hotel and inform him of the problem.
The general manager of the hotel testified that he received a phone call from the desk clerk alerting him that water was leaking into the shop. He said he immediately went to the hotel and arrived there at approximately 8:30 p.m., at which time the fire department was already there. He *442 did not state what time he received the call or how long it took him to get to the hotel. No one from the fire department testified, but all witnesses agreed that it took' the fire department personnel approximately one hour to replace the sprinkler head. There is no evidence as to when the water, stopped leaking into the shop.
Considering the record, I agree that the trial court committed manifest error by finding negligence on the part of the hotel. Accordingly, I concur in the result reached by the majority.
LOBRANO, J., CONCURS FOR THE REASONS ASSIGNED BY LANDRIEU, J.